### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:07-cr-00014

BARRY TUNSTALLE,

        Defendant.

### MODIFICATION OF SUPERVISED RELEASE

On October 13, 2010, the Defendant, Barry Tunstalle, appeared in person and by counsel, Lex A. Coleman, AFPD, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by Miller A. Bushong III, AUSA. United States Probation Officer Amy Berry-Richmond was also present at the hearing.

On July 23, 2007, the Defendant was sentenced to a term of imprisonment of thirty-five (35) months to be followed by a three (3) year term of supervised release. The Defendant began serving the term of supervised release on May 21, 2009. On August 24, 2010, the *Petition for Warrant or Summons for Offender Under Supervision* (Document 75) was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been

disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

Thereupon, as more fully indicated on the record, Violation Numbers 3, 5 & 6 as contained in the *Petition* were **WITHDRAWN**.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release. Specifically, the Court found that the Defendant committed Violation Numbers 1, 2 & 4 as charged in the *Petition* and described as follows:

1) <u>Violation of standard condition: The defendant shall not commit another federal, state, or local crime</u>: On January 26, 2010, the Defendant was arrested by a member of the Concord City, North Carolina, police department, and charged with driving while license revoked and failure to wear a seatbelt. On March 22, 2010, a warrant was issued for the arrest of the Defendant due to his failure to appear in Concord City Municipal Court. This warrant remains outstanding.

2) <u>Violation of standard condition: The defendant shall not possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance</u>: The Defendant submitted a urine specimen which was positive for hydrocodone on June 17, 2010. The Defendant submitted a urine specimen that was positive for marijuana on July 8, 2010.

4) <u>Violation of standard condition number 5: The defendant shall work at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons</u>: The Defendant has failed to obtain gainful employment, or enroll in a GED program as directed by the Court and his probation officer.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's admission that he committed Violations 1, 2 & 4.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **MODIFIED** the Defendant's conditions of supervised release as follows:

1) The length of the Defendant's remaining term of supervised release is modified to twenty-six (26) months beginning on October 13, 2010;

2) The Defendant shall serve four (4) months in custody, and shall be given credit for time served;

3) As soon as possible after his release from custody, the Defendant shall enroll in and participate in an in-patient drug treatment program as directed by his probation officer and approved by the Court. If immediately placement is available, the Court recommends that the in-patient treatment take place at the LEARN Program; and

4) All previously imposed conditions of supervised release remain in full effect.

The Defendant was remanded to the custody of the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: October 19, 2010

*[Signature]*
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA